**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CU 0528

ASHLEY LAMANA

VERSUS

DONALD LAMANA

**Judgment Rendered:** FEB 0 7 2020

* * * * * *

Appealed from the
Twentieth Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Suit Number 22807

Honorable William G. Carmichael, Presiding

* * * * * *

Heather Crabtree
Cy J. D'Aquila, Jr.
New Roads, LA

and

Haley Major Green
St. Francisville, LA

Charles E. Griffin, II
Andrew J. D'Aquilla
St. Francisville, LA

Counsel for Defendant/Appellant
Donald Lamana

Counsel for Plaintiff/Appellee
Ashley Lamana

* * * * * *

BEFORE: WHIPPLE, GUIDRY, McCLENDON, WELCH, AND CRAIN,[1] JJ.

---

[1] Justice Will Crain is serving as judge *ad hoc* by special appointment of the Louisiana Supreme Court.

**GUIDRY, J.**

Donald Lamana appeals from a trial court judgment modifying the parties' joint custody arrangement, thereby reducing Donald's physical custody of the parties' minor child, and modifying Donald's child support obligation. For the reasons that follow, we dismiss the appeal.

Donald and Ashley Lamana were married on November 10, 2012, and the couple had one child born on January 9, 2014. Thereafter, on November 14, 2016, Ashley filed a Petition for 102 Divorce and Incidental Matters, requesting that the parties be granted joint custody of their minor child and that she be named domiciliary parent. Ashley alleged that Donald worked shift work and was unable to care for a two-year-old child in any consistent and structured manner, that he was known to keep the minor child up all hours of the night when he was working the night shift, and that he makes poor decisions.

Donald and Ashley subsequently entered into a stipulated judgment, which was signed by the trial court on April 7, 2017, ordering that the parties shall exercise joint custody of the minor child, with Ashley being named the domiciliary parent. The judgment ordered that Donald shall exercise visitation with the minor child beginning at 2:00 p.m. on the Friday of his "work out" day through the following Monday before his night shift at 4:30 p.m. The following Wednesday after his off weekend, his visitation shall begin at 2:00 p.m. and end Friday at 4:30 p.m. before his night shift begins. The following Monday visitation shall resume at 2:00 p.m. until Wednesday at 4:30 p.m. prior to his night shift. The visitation shall then resume beginning Friday at 2:00 p.m. The judgment further set forth holiday visitation and ordered Donald to pay $400 per month in child support and $100 in interim spousal support.

On June 8, 2018, Ashley filed a Rule for Final Divorce, wherein she also sought modification of the 2017 stipulated judgment. Ashley requested that the

2

minor child remain at her home on weekdays during school to provide structure and consistency. Ashley asserted that a change in circumstances had occurred since the parties' separation, i.e., the minor child was now school age and would be attending elementary school in the fall. Ashley asserted that she believed the night shift worked by Donald kept the child up at night during his visitation because he is attempting to keep his night shift schedule and did not provide the child with the structure she needs to excel in school. Ashley also alleged that Donald failed to communicate with her, almost causing the child to miss her Head Start graduation. Ashley further stated that she believed the child should be delivered by the school bus to one residence every day to provide a routine for the bus driver and the child and to prevent accidental delivery of the child to a location with no supervision. Ashley further asserted that Donald did not have a separate bedroom for the minor child, did not provide decent clothing for the child nor dress her appropriately, allowed the child to swim in a lake without flotation devices, and had spanked the child with a belt.

Thereafter, Donald filed a Motion and Rule to Show Cause for Modification of Stipulated Judgment, to Terminate Interim Spousal Support, and Rule to Show Cause for Contempt. Donald alleged it was in the best interest of the minor child to modify visitation to reflect that the party beginning his or her custodial period is to retrieve the child, as this had been the practice of the parties. Donald also asked for modification of the custodial agreement to accommodate the school year. Particularly, because the minor child was entering pre-Kindergarten and would be taking the bus to and from school, Donald requested a provision specifying that the minor child be allowed to board and disembark the school bus at the house of the party who is exercising their custodial period, given that the parties live on the same street. Donald also requested that the interim spousal support of $100.00 per month be terminated upon the rendering of the final judgment of divorce. Finally, Donald

3

asked the trial court to find Ashley in contempt of court for violating a provision in the stipulated judgment providing that "neither party shall entertain members of the opposite sex of whom they are not related while the minor child is in their care."

A judgment of divorce was signed on August 8, 2018, and all other matters were set for hearing on November 7, 2018. On the date set for hearing, upon agreement of counsel for the parties, the matter was continued to December 5, 2018. However, on November 8, 2018, Ashley filed a Petition for Protection from Abuse, alleging that on November 4, 2018, the minor child told her that she bathes and washes her dad's body parts, including his private parts, when she is with him. Ashley stated that she had brought the child to Our Lady of the Lake Pediatric Center, which called the West Feliciana Sheriff's Office and Child Services. According to Ashley, an investigation had been opened, and she wanted the child to remain in her custody until the investigation was complete. Additionally, Ashley asserted that Donald had a party at his house and was drunk while exercising physical custody of the child and that he provided the minor child with beer. Finally, Ashely asserted that Donald had whipped the child with a belt, leaving red marks across her chest.

On December 5, 2018, the trial court held a hearing first on the rule for an order of protection and then on the countervailing rules to modify the 2017 stipulated judgment. At the conclusion of the hearing, the trial court took both matters under advisement. The trial court subsequently signed a judgment dismissing the Petition for an Order of Protection and denying Donald's rule for contempt. The judgment further ordered that the parties shall continue to exercise joint custody of the minor child, with Ashley being designated as the primary domiciliary parent. The trial court ordered that during the school year, Donald shall exercise visitation on his first week of his two-week rotating schedule from Friday after school until Sunday at 4:00 p.m., and that Donald shall pick the child up from the school bus stop at

4

Ashley's residence. During the summer, Donald was to exercise visitation during his first week rotation from Friday at 3:00 p.m. until Sunday at 4:00 p.m. During his second week rotation, Donald shall exercise visitation from Wednesday at 4:00 p.m. until Friday at 4:00 p.m. The trial court ordered that the existing holiday schedule shall remain in effect. Additionally, the trial court ordered that neither party shall bathe with the minor child, shall give the child access to alcoholic beverages, or employ corporal punishment. The trial court ordered that interim spousal support be terminated as of July 1, 2018, and ordered that child support be fixed at $570.00 per month commencing July 1, 2018.

Donald filed an appeal with this court from the portions of the trial court's judgment modifying child custody and Donald's child support obligation. However, on January 3, 2020, Donald Lamana filed a motion to dismiss his appeal, asserting that the case has been settled by a stipulated judgment of the parties, which was signed by the trial court on December 26, 2019. Accordingly, because the underlying dispute has been resolved, we hereby grant Donald Lamana's motion and dismiss his appeal, with all costs assessed to him.

**APPEAL DISMISSED.**